# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOEL RUMUALDO MUNOZ, and VICTOR RODRIGUEZ, Plaintiffs, v. TACO SUPERMARKET, INC., Defendant, | Case No. |

## COMPLAINT

Plaintiffs Joel Rumualdo Munoz and Victor Rodriguez file this Complaint against Taco Supermarket, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiffs allege as follows:

## PARTIES

1. Plaintiffs are residents of Georgia in this judicial district and division.

2. Taco Supermarket, Inc. ("TSI") is a corporation with its principal place of business at 3310 Buford Highway Northeast, Atlanta, Georgia 30329 in this judicial district and division.

3. TSI's registered agent is Eun Sil Yee.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. TSI transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

6. TSI operates as a grocery store where Plaintiffs work and were denied earned wages including overtime.

7. At all times throughout the relevant period, Plaintiffs were "employees" of TSI and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8. At all times during the relevant period, TSI was the "employer" of the Plaintiffs.

9. At all times during the relevant period, TSI had multiple employees, including the Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. During the relevant period, TSI was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

## FACTS

11. TSI operates a grocery store located at 3310 Buford Highway Northeast, Atlanta, Georgia 30329.

12. Plaintiffs were non-exempt employees under the FLSA whose primary job responsibilities included cutting and preparing meat for sale, stocking, tending, and cleaning the meat counter, and cooking at the grocery store.

13. Plaintiff Joel Rumualdo Munoz worked in excess of 40 hours per week. TSI willfully refused to pay Joel Rumualdo Munoz his earned wages and overtime compensation.

14. Plaintiff Victor Rodriguez worked in excess of 40 hours per week. TSI willfully refused to pay Victor Rodriguez his earned wages and overtime compensation.

15. TSI maintained records of those hours that Plaintiffs worked for which Plaintiffs were paid.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

16. Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

17. At all relevant times, TSI was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18.	At all relevant times, TSI employed Plaintiffs within the meaning of the FLSA.

19.	At all relevant times, TSI had a uniform policy and practice of willfully refusing to pay Plaintiffs overtime compensation for all hours worked in excess of forty hours per work week.

20.	As a result of TSI's willful failure to compensate Plaintiffs the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, TSI violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

21.	TSI's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

22.	Due to TSI's FLSA violations, Plaintiffs are entitled to recover from TSI compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demand a trial by jury and requests that this Court grant the following relief against TSI:

A.	An award of compensation for unpaid overtime wages to Plaintiffs;

B.	An award of liquidated damages to Plaintiffs;

C.  An award of prejudgment and post-judgment interest to Plaintiffs;

D.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

E.  Such other and further relief as this Court deems just and proper.

This 2nd day of March, 2016.

**HALL & LAMPROS, LLP**

/s/ Gordon Van Remmen
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.